## Holby v. Weese

*P. Brennan Hart,* for plaintiff.

SALMON, *J.*, November 13, 1975—This is an action in trespass for damages resulting from personal injuries and property damage resulting from a motor vehicle collision. Defendant did not appear or answer and plaintiff certified the case for a nonjury trial for the purpose of liquidating the damages.

As we reviewed the pleadings at the commencement of the trial, we questioned the adequacy of service of process. Nevertheless, at the suggestion of counsel, we proceeded to hear the testimony of the witnesses who were present.

The chronology is as follows:

| | |
|---|---|
| Jan. 2, 1970 | Alleged injury occurs. |
| Dec. 17, 1971 | Summons issued. |
| Dec. 7, 1973 | Summons reissued. |
| Jan. 21, 1974 | Complaint filed. |
| Mar. 18, 1974 | Praecipe to reinstate complaint. |
| Aug. 6, 1974 | Praecipe to reinstate complaint. |
| Aug. 15, 1974 | Sheriff returns service by mail on Secretary of the Commonwealth and also undelivered certified mail directed to defendant; the Post Office indicates that the letter to defendant is undelivered because "addressee unknown." |
| Sept. 23, 1974 | Default judgment entered upon praecipe. |
| Nov. 7, 1974 | Certificate of readiness filed for nonjury trial. |

Pa.R.C.P. 2076, et seq., provides for service of process in cases in which Pennsylvania law authorizes service on a nonresident or a resident who becomes a nonresident or who conceals his whereabouts, etc. It appears to us, in other words, that

these rules are intended to supply methods of service in auto accident cases upon a resident who becomes a nonresident or who conceals his whereabouts in the same manner and with the same convenience as service in such actions may be made upon one who is a nonresident initially and who has become involved in a motor vehicle accident within Pennsylvania.

Venue is provided (1) in the county in which defendant may be personally served, or (2) the county in which the cause of action arose.

Rule 2079 provides that when the action is commenced where the cause of action arose, service may be made upon defendant personally "or by having the Sheriff of said county send by registered mail, return receipt requested, a true and attested copy of the process (1) to the Secretary of the Commonwealth, accompanied by the fee prescribed by law, *and* (2) to the defendant at his last known address with an endorsement thereon showing that service was made upon the Secretary."

Rule 2080 provides that where service has been made by mail under Rule 2079(a) "the Sheriff shall attach to his return the return receipts, and if the defendant has *refused* to accept the registered mail, or cannot be found at his last known address, shall attach evidence thereof."

Examination of the sheriff's return in this case shows, as above indicated, that the certified mail sent to defendant at her alleged last known address according to the complaint was returned by the post office "addressee unknown." We see nothing in the sheriff's return which says that defendant has refused to accept the registered mail or that defend-

ant cannot be found at the alleged last known address.

It seems to us that this rule permits service by mail when such mail can be delivered, and it also requires that an effort be made to accomplish personal service and that the sheriff make a return showing that defendant cannot be found at that place, if such be the case.

We have here a sworn allegation by plaintiff that defendant at the time the complaint was sworn to on January 11, 1974, was residing at Apartment 90, Pulaski Homes, New Brighton, Pa. There is a total failure of service upon defendant. There is no allegation that defendant has concealed her whereabouts. We think these rules require that something more appear of record before a money judgment may be entered against a defendant who has not been served and who has no notice of the proceedings so far as the record reveals.

If the letter to defendant is returned because defendant has refused to accept, or because he could not be found at that address, the rule requires the sheriff to "attach evidence thereof" to his return. If the letter and receipt are returned because defendant has refused to accept them, the sheriff should so state in his return: Goodrich-Amram Rule 2080, §2080-2, at p. 67.

## ORDER

And now, November 13, 1975, for the reasons hereinbefore set forth, we are of the opinion that we have no jurisdiction in this case as the record now stands, and the original papers are returned to the prothonotary pending accomplishment of valid service of process according to law and the Rules of Civil Procedure.